UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 19, 2014

LETTER TO COUNSEL:

    RE:    *Devin Waters v. Commissioner, Social Security Administration*;
                Civil No. SAG-13-3569

Dear Counsel:

On November 26, 2013, the Plaintiff, Devin Waters, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Mr. Waters's Reply. (ECF Nos. 17, 19, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Waters filed his claim on April 16, 2010, when he was under 18 years of age, alleging disability beginning on October 1, 2009. (Tr. 131-37). His claim was denied initially on October 29, 2010, and on reconsideration on March 11, 2011. (Tr. 82-87). A hearing was held on May 1, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 38-79). Following the hearing, the ALJ determined that Mr. Waters was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-37). The Appeals Council denied Mr. Waters's request for review, (Tr. 2-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ properly assessed Mr. Waters's claim under both the standard pertaining to applicants under the age of 18 and the standard governing adult applicants. The ALJ found that Mr. Waters did not meet any relevant listings under either standard. The ALJ further found that, during both time frames, Mr. Waters suffered from the severe impairments of multiple sclerosis and depression. (Tr. 25, 32). The ALJ determined that, before attaining age 18, Mr. Waters did not have an impairment or combination of impairments that functionally equaled the listings. (Tr. 25-32). Moreover, the ALJ determined that, despite his impairments after attaining age 18, Mr. Waters retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(a), except that he is limited to simple, routine, unskilled jobs, svp 1 or 2 in nature, he is limited to jobs that are low stress, low memory and low concentration meaning 1 or 2 step tasks with no

*Devin Waters v. Commissioner, Social Security Administration*
Civil No. SAG-13-3569
December 19, 2014
Page 2

> production rate pace work, little or no decision making, changes in the work setting or judgment to perform the work, he is limited to little interaction with the general public, coworkers and supervisors, jobs that would allow him to deal with things rather than people, he can stand for an hour and sit for an hour, consistently or at will, 8 hours a day, 5 days a week, he should avoid heights and hazardous machinery, temperature and humidity extremes, stair climbing, ropes and ladder, and he is limited to jobs that would not require keen or good visual acuity.

(Tr. 34). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Waters could perform jobs existing in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 35-36).

Mr. Waters's primary argument on appeal is that the ALJ failed to consider Listing 12.05 and 112.05, pertaining to borderline intellectual functioning. Pl. Mot. 23-36. I agree. Accordingly, I will remand this case to the Commissioner for further analysis. Mr. Waters's remaining arguments, pertaining to the ALJ's credibility analysis and evaluation of his functional limitations, may be affected by appropriate consideration of his intellectual functioning. I therefore will not address those arguments independently herein, but the ALJ should consider, on remand, whether any adjustments need to be made to those portions of his opinion.

Mr. Waters contends that his borderline intellectual functioning satisfies the criteria in Listing 12.05C and 112.05C. The ALJ's evaluation of those Listings was quite limited. With respect to 112.05C, the ALJ merely incorporated a conclusory statement that he "carefully considered the specific requirements of the relevant listings, including 111.00 Neurological *et seq.* and 112.00 Mental Disorders *et seq.* and is satisfied that no listing is met or equaled." (Tr. 25). Moreover, the ALJ's evaluation of 12.05C appears to have been erroneous. The ALJ stated, "The severity of the claimant's mental impairment, considered singly and in combination, does not meet or medically equal the criteria of listings 12.02, 12.04 or 12.05. In making this finding, the undersigned has considered whether the 'paragraph B' criteria are satisfied." (Tr. 33). The ensuing analysis considered Paragraphs B and C of the adult mental disorders listings. However, although Paragraph B of the other mental disorder listings contains the same functional criteria that are required under Paragraph D of Listing 12.05, the ALJ did not consider any of the other criteria of Listing 12.05, particularly those set forth in Paragraph C.

A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). Listing 12.05 governs intellectual disability, which refers to "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22," and requires that a claimant meet the criteria set forth in one of four subsequent paragraphs. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Paragraph C requires a showing of two distinct prongs. First, the claimant must demonstrate "[a] valid verbal, performance, or full scale IQ of 60 through 70." *Id.* Second, the claimant must have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

*Devin Waters v. Commissioner, Social Security Administration*
Civil No. SAG-13-3569
December 19, 2014
Page 3

Several of the listing criteria are clearly met in this case. First, Mr. Waters was under age 22 at all relevant times. Second, Mr. Waters's multiple sclerosis and his depression constitute the requisite "additional and significant work-related limitation of function." The Commissioner posits, however, that the ALJ rejected Mr. Waters's IQ score of 70, and sufficiently evaluated Listings 12.05C and 112.05C. *See Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (holding that an ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments").

With respect to the IQ score, the Commissioner contends that the consultative examiner, Dr. Brooks, dismissed Mr. Waters's score of 70 "as unreliable due to Plaintiff's poor effort." Def. Mot. 12. In fact, however, Dr. Brooks made no such finding. Dr. Brooks noted that Mr. Waters's depression and medications may have affected his test results and even caused him to fall asleep during the testing. (Tr. 290). While Dr. Brooks suggested that the side effects of medication partially explain the poor scores, he further opined, "He is not likely to improve on the testing were it to be done again." *Id.* Thus, Dr. Brooks did not appear to conclude that Plaintiff had given inadequate effort or that the results were unreliable. Moreover, the ALJ did not suggest that the IQ testing was invalid, and in fact afforded "great weight" to Dr. Brooks's opinion. (Tr. 27).

If the IQ score is in fact valid, then the sole remaining criteria that would have to be established by Mr. Waters would be deficits in adaptive functioning. The parties dispute whether the record shows such deficits. Mr. Waters cites his school performance, which included failing seventh grade twice and failing to pass any eighth grade courses before permanently withdrawing from school. Pl. Mot. 4. In Mr. Waters's view, his school performance evidences the cognitive deficits resulting from his childhood multiple sclerosis. Without determining whether or not Mr. Waters has established deficits in adaptive functioning, I find that ample evidence exists here so as to trigger the ALJ's duty to evaluate the specific criteria of Listings 12.05C and 112.05C. In remanding for that evaluation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Waters was not entitled to benefits was correct or incorrect.

For the reasons set forth above, the Commissioner's Motion for Summary Judgment (ECF No. 17) and Mr. Waters's Motion for Summary Judgment (ECF No. 13) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge